UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILBER ROGELIO GARCIA TECU,

Petitioner,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security*; TODD BLANCHE, *in his official capacity as Attorney General of the United States*; KENNETH GENALO, *in his official capacity as Field Office Director, New York Field Office, U.S. Immigration and Customs Enforcement*; RAUL MALDONADO, JR., *in his official capacity as Warden of the Metropolitan Detention Center, Brooklyn*,

Respondents.

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER TO PRELIMINARY INJUNCTION**
26-CV-5265 (NRM)

**NINA R. MORRISON**, United States District Judge:

Petitioner Wilber Rogelio Garcia Tecu is a nineteen-year-old Guatemalan citizen, who entered the United States as a minor in January 2018. On August 1, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents a few blocks from his home, and they eventually transported him to and detained him at Metropolitan Detention Center ("MDC") in Brooklyn, New York.

On August 26, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus (the "Petition"), ECF No. 1. The next day, on August 27, 2026, the Court issued an Order to Show Cause ("OTSC"), directing Respondents to file an initial submission providing, *inter alia*, the statutory provision under which they assert the

authority to detain Petitioner, and any basis to distinguish the asserted grounds for detention from this Court's decision in *Diallo v. Lyons*, 837 F. Supp. 3d 422 (E.D.N.Y. 2026).

Respondents responded to the Court's OTSC on August 31, 2026, (1) asserting detention authority under 8 U.S.C. § 1231 due to a 2019 order of removal against Petitioner; (2) contending that Petitioner's detention falls within a six-month presumptively reasonable period, as recognized by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001); and (3) arguing that the Court lacks jurisdiction to grant the Petition. *See* ECF No. 10 at 2–5. Respondents further acknowledged the similarities between this case and *Diallo*, while maintaining their disagreement with the Court's decision in the latter case. *Id.* at 4. Petitioner replied to the OTSC response on September 4, 2026. ECF No. 11.

On September 1 and September 3, 2026, the Court instructed Respondents to "file a copy of the Notice to Appear served upon, or any notification sent to Petitioner that included date, time, and location information" for Petitioner's removal hearing in 2019. Dkt. Orders dated Sep. 1, 2026 and Sep. 3, 2026. Counsel for Respondents filed a letter on September 5, 2026, noting that its Office "had requested documents concerning the [2019] hearing from the Executive Office of Immigration Review ["EOIR"] and . . . [the EOIR] expected it would take one-to-two weeks to locate any documents it might have in its possessions." ECF No. 12.

On September 9, 2026, the Court issued a Temporary Restraining Order ("TRO") directing Respondents to release Petitioner and enjoining Respondents from

re-detaining Petitioner pending the Court's further consideration of the merits of the Petition. ECF No. 13 at 11. Petitioner was released from ICE custody that same day. *See* ECF No. 15.

Following the Court's TRO, on September 21, 2026, Respondents moved for leave to file documents concerning "notice provided to Petitioner of the [2019] hearing in [his] removal proceedings" and "offer[ed] no further legal argument in support of their response to the Petition, with the understanding that they have reserved their right to appeal." *See* ECF No. 16 at 1. The Court granted the motion on September 23, 2026; it also extended the TRO for good cause for another fourteen days. *See* ECF No. 17; Dkt. Order dated Sep. 23, 2026.

**DISCUSSION**

"The standards for granting a TRO are the same as those governing preliminary injunctions." *Byrthen v. City of New York*, No. 26-CV-02221 (RER) (PCG), 2026 WL 2666845, at *1 (E.D.N.Y. Sep. 10, 2026) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). As explained in the Court's TRO, Petitioner has sufficiently demonstrated that he is likely to succeed on the merits of his claim that his detention was unlawful, and that he will be irreparably harmed in the absence of continued preliminary injunctive relief. ECF No. 13 at 6–10.

In light of the current status of this matter, the present record, the applicable law, and Respondents' representation that this case is indistinguishable from this Court's reasoning in *Diallo*, the TRO is hereby converted into a preliminary

injunction. In so doing, the Court incorporates by reference and reaffirms its initial findings and analysis in its September 9, 2026 temporary restraining order. *See Tecu v. Mullin*, No. 26-CV-5265 (NRM), 2026 WL 2655184 (E.D.N.Y. Sep. 9, 2026).

It is hereby:

**ORDERED**, that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the Court considers the merits of the underlying Petition.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: October 7, 2026
Brooklyn, New York